UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BAUMER,<br><br>                        Petitioner,<br><br>    v.<br><br>JAMES TILTON, Warden,<br><br>                        Respondent. | Civil No.  06-CV-1361 JM (CAB)<br><br>**ORDER RE:**<br><br>**1. PETITIONER'S MOTION FOR STAY AND ABEYANCE OF THE PETITION [Doc. # 6];**<br><br>**2. PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE TRAVERSE TO ANSWER** |

      This is a Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. On September 22, 2006, Respondent filed his Answer to the Petition. On September 29, 2006, the Court received Petitioner's Motion for Stay and Abeyance of the Petition. On October 13, 2006, the Court received Petitioner's Request for Extension of Time to File Traverse to Answer.

      **I.    Petitioner's Motion for Stay and Abeyance of the Petition.**

      The Court hereby notifies Petitioner of the requirements for demonstrating that the stay and abeyance procedure is appropriate in this case. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) the Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. <u>Rhines</u>, 544 U.S. at 277. The <u>Rhines</u> Court held that "a stay and abeyance 'should be available only in limited

circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005) (quoting <u>Rhines</u>, 544 U.S. at 277).  The Court in <u>Jackson</u> noted that the <u>Rhines</u> holding applies to stays of mixed petitions, but that <u>Rhines</u> did not comment on the validity of the withdraw and abeyance procedure approved of in <u>Calderon v. United States District Court (Taylor)</u>, 134 F.3d 981 (9th Cir. 1998) and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims.  <u>Jackson</u>, 425 F.3d at 661.  Because <u>Jackson</u> involved a mixed petition, the Court held that <u>Rhines</u> directly controlled, and "left for another day the question of whether the stay standard announced by the Supreme Court in <u>Rhines</u> applies to our three-step stay-and-abeyance procedure." <u>Id.</u>

Irrespective of whether Petitioner's motion for stay is subject to the restrictions placed on this Court's discretion to issue a stay as set forth in <u>Rhines</u>, or is subject to the Ninth Circuit's withdraw and abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay.  Under either procedure **he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust <u>and</u> that he is diligently pursuing his state court remedies with respect to those claims.** <u>Jackson</u>, 425 F.3d at 661; <u>Anthony v. Cambra</u>, 236 F.3d 568, 575 (9th Cir. 2000); <u>Taylor</u>, 134 F.3d at 987; <u>see also</u> <u>Kelly</u>, 315 F.3d at 1070.  Petitioner shall address these concerns in his brief in support of his Motion.  In addition, Petitioner should set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies with respect to his unexhausted claims.

Petitioner has already addressed the good cause requirement in his present motion.  If Petitioner wishes, upon reading this Order, to file an amended motion, he may do so no later than **November 20, 2006**.  Respondent shall file an opposition to the motion no later than **December 4, 2006**.  Petitioner shall file his reply, if any, to Respondent's opposition no later than **December 18, 2006**.  No oral argument will be held.  The motion will be deemed under submission as of December 18, 2006.

**II.    Petitioner's Request for Extension of Time to File Traverse to Answer.**

Petitioner's Traverse is currently due on or before October 25, 2006.  Petitioner seeks an extension of time to file his Traverse until a ruling is issued on his Motion for Stay and Abeyance of the Petition.  Petitioner's request is granted.  Petitioner shall file his Traverse within <u>30 days</u> of the date of

the ruling on his Motion for Stay and Abeyance of the Petition.

Petitioner also states that the copy of Respondent's Memorandum of Points and Authorities in Support of the Answer served on Petitioner is missing page 14. Petitioner requested a copy of page 14 from Respondent but has received no answer. Respondent is hereby ordered to provide a copy of page 14 to Petitioner within <u>seven days</u> of Respondent's receipt of this Order.

**IT IS SO ORDERED.**

DATED: October 23, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge