UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BAUMER,<br><br>                              Petitioner,<br><br>          v.<br><br>JAMES TILTON, Warden,<br><br>                              Respondent. | Civil No.   06-CV-1361 JM (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION TO AMEND PETITION AND PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[Doc. ## 6, 9, 18]** |

## I. INTRODUCTION

Petitioner William J. Baumer ("Petitioner" or "Baumer"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Baumer moved for stay and abeyance of the Petition to allow him time to exhaust certain claims and to add these claims to the Petition. Respondent James Tilton ("Respondent" or "Tilton") opposed the motion for stay and abeyance, but not the motion to amend. For the reasons that follow, the undersigned Magistrate Judge recommends that the motion to amend be **DENIED** as futile, the motion for stay and abeyance be found moot, and Petitioner be ordered to file the Traverse.

## II. BACKGROUND

The Petition asserts two grounds for relief. First, Baumer alleges violations of the Fourteenth Amendment because he was required to wear physical restraints during trial. (Pet., p. 17). Second, he

alleges violations of the Sixth and Fourteenth Amendments because the trial court denied him the right to represent himself during trial. (Pet., p. 18, ¶¶ 79-81). The claims Petitioner seeks to add to the Petition is for ineffective assistance of the counsel who represented Petitioner at trial.

      Baumer filed his Petition on July 3, 2006. Respondent filed his Answer to the Petition on September 22, 2006. On September 21, 2006, Petitioner filed a motion for stay and abeyance of the Petition.[1] [Doc. # 6]. Baumer informed the Court that he was in the process of exhausting two of his claims through a state habeas petition filed with the California Court of Appeal. Petitioner intended to add these claims to his present federal Petition. On October 23, 2006, the Court issued an order notifying Petitioner of the requirements for the stay and abeyance procedure. [Doc. # 7]. On October 17, 2006, Baumer filed a separate motion for leave to amend the Petition. [Doc. # 9]. On November 20, 2006, Petitioner filed a "Status Report" regarding his motion for stay and abeyance and the motion to amend the Petition. [Doc. # 10]. Baumer stated that the California Court of Appeal denied his habeas petition on November 6, 2006. To complete exhaustion, Baumer filed a habeas petition with the California Supreme Court on November 14, 2006. On December 1, 2006, Petitioner filed a "Supplemental Argument" in support of his motion for stay and abeyance of the Petition. [Doc. # 13]. On December 6, 2006, Respondent filed an opposition to Petitioner's motion for stay and abeyance. [Doc. # 11].

      On December 14, 2006, the Court received Petitioner's motion for a copy of the October 23, 2006 Order setting forth the requirements to be met in a stay and abeyance motion. Petitioner claimed that he had not received the order and only learned about it from Respondent's opposition. On December 20, 2006, the Court issued an Order allowing Petitioner until January 22, 2007, to review the requirements and file any amended motion. [Doc. # 20]. The chambers staff mailed a copy of the October 23, 2006 Order to Baumer. On January 4, 2007, the chambers received the First Amended Petition. The First Amended Petition was rejected because leave to amend had not been granted. On January 19, 2007, Petitioner filed a second motion for leave to amend the Petition. [Doc. # 18]. Petitioner provided some more detail regarding his ineffective assistance of counsel claims. On January

---

[1] The filing of this motion was backdated to September 21, 2006, *nunc pro tunc*. The motion was not immediately accepted for filing because it did not comply with the Local Rules. It was entered on the docket on September 29, 2006.

25, 2007, Petitioner filed a "Second Status Report" regarding his motion for stay and abeyance and motion to amend the Petition. [Doc. # 21]. Petitioner reported that the California Supreme Court denied his habeas petition on December 20, 2006. Baumer also attached a copy of his proposed First Amended Petition.

### III.  DISCUSSION

**A.  Motion to Amend**

The undersigned recommends that the motion to amend be denied. "The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules." *Woodford v. Garceau,* 538 U.S. 202, 208 (2003). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served... . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).

Petitioner first mentioned his intention to amend the Petition in the body of his motion for stay and abeyance. The motion for stay and abeyance was filed on September 21, 2006, one day before the Answer was filed. Petitioner had not brought a formal motion to amend, however, until October 17, 2006, after the Answer was filed. Therefore leave to amend is required.

As a preliminary matter, consideration of granting leave to amend is proper because although Petitioner's proposed claims are being added past the expiration of the statute of limitations set by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the claims relate back to the original Petition. The AEDPA provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner states that his conviction became final on July 23, 2005. (Petr.'s Supp. Argt. in Sup. of Mot. for Stay and Abeyance, ¶ 6). Under the AEDPA, his federal Petition had to be filed no later than July 23, 2006. On July 11, 2006, Petitioner filed a state habeas petition in the San Diego Superior Court.[2] Petitioner argues he is entitled to 12 days of statutory tolling during the pendency of this petition. 28 U.S.C. § 2244(d)(2). The 12-day period extends the statute of limitations to August 4, 2006. Petitioner has shown no other grounds for tolling. The motion for stay and abeyance was filed on September 21, 2006. The motion to amend the Petition was filed on October 17, 2006. Even as extended by the 12-day tolling period, the claims are untimely under the statute.

To relate back to the original habeas petition, the new claims must be supported by facts that do not "differ in both time and type" from those set forth in the original petition. *Mayle v. Felix,* 545 U.S. 644, 650 (2005). The relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 664. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence" will consist of each separate set of facts that supports a ground for relief. *Id.* at 661.

Baumer's ineffective assistance of counsel claims are sufficiently related to his claim for denial of the right to represent himself. Ground Two alleges that Petitioner was denied the right to represent himself. (Pet., p. 18). Prior to the start of the trial, Petitioner represented himself. When Baumer found out that he would be required to wear physical restraints during trial, he decided that this requirement would hinder his self-representation, and requested appointment of counsel. Counsel was appointed. (Pet., ¶¶ 53-56). Subsequently, however, Petitioner contended that his counsel was not representing him effectively, and requested that he be allowed to represent himself. (Pet., ¶¶ 73-81). The request was denied. (Pet., ¶ 81).

The proposed claims allege that Petitioner's counsel was ineffective because he did not challenge the constitutionality of two prior convictions. During the state court proceedings, Petitioner requested

---

[2]According to Petitioner, July 11, 2006 was the date he delivered the state petition to the prison authorities for mailing. Under the prison mailbox rule, July 11, 2006 is the filing date. *See Houston v. Lack,* 487 U.S. 266 (1988).

permission to represent himself because, in part, his counsel declined to challenge the constitutionality of the convictions. (*See* Petr.'s Second Status Report Re Mot. for Stay and Abeyance, Ex. C, p. 1317). The core of operative facts shared by Ground Two and the proposed claims is sufficiently common. The supporting facts occurred close in time. The Petitioner argues that the ineffectiveness of his counsel was the reason for seeking self-representation. Therefore Petitioner's new claims relate back to his original Petition.

Leave is not appropriate, however, because the proposed amendment is futile. A district court "shall grant leave to amend freely 'when justice so requires.' " *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (citing Fed. R .Civ. P. 15(a)). A district court may deny leave to amend based on "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). "Futility of an amendment can, by itself, justify the denial of a motion for leave to amend." *U.S. ex rel. Lee v. SmithKline Beecham Inc.,* 245 F.3d 1048, 1052 (9th Cir. 2001).

The amendment is futile because the proposed claims are procedurally barred. Federal courts lack jurisdiction to review a judgment of a state court if the judgment rests on a state law ground independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991). Baumer alleges that his trial counsel was ineffective for failing to challenge the constitutionality of Petitioner's two prior convictions. The convictions were used at trial to impeach Petitioner's testimony and enhance his sentence. The California Court of Appeal denied Petitioner's ineffective assistance of counsel claims because any challenge of the convictions by counsel would have been unauthorized under California Penal Code § 1004. (Petr.'s Status Report re Motion for Stay and Abeyance, App. A, pp. 1-2). The California Court of Appeal stated:

> A challenge to defects that appear on the face of the accusatory pleadings is by demurrer. A demurrer to a criminal complaint lies only to change the sufficiency of the pleading and raises only issues of law. (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1090). Penal Code section 1004 expressly limits demurrers to five grounds and there is no "common law demurrer." (*Tobe,* at p. 1091, fn. 10). The challenge Baumer contends his counsel should have made to the information is not authorized by Penal Code section 1004. The record shows Baumer pleaded guilty in 1995 and 1998, and he may not challenge the validity of his pleas in a subsequent prosecution. Baumer has not shown trial counsel was ineffective.

*Id.*

Section 1004 is an adequate an independent state ground. "In order to be 'adequate,' a state rule must be a 'firmly established and regularly followed state practice,' and should further a legitimate state interest." *Smith v. Texas*, 127 S.Ct. 1686, 1704 (2007) (citation omitted). Section 1004 was first enacted in 1872 and last amended in 1951. *See* West's Ann. CA. Penal Code § 1004, Credit(s). It appears to be a well-settled rule. *See Guevara v. Superior Court (People)*, 62 Cal.App.4th 864, 870 (1998); *Tobe,* Cal.4th 1069 at 1091. Therefore it is adequate to support the state court judgment and bar federal habeas review.

Because the proposed claims are procedurally barred, denial of leave to amend is appropriate.

### B. Motion for Stay and Abeyance

Because an amendment would not be appropriate, the motion for stay and abeyance is moot. Assuming leave to amend were appropriate, the motion should be denied because Petitioner has failed to meet the requirements for demonstrating that the stay and abeyance procedure should be used in this case.

District Courts have limited discretion to hold in abeyance a mixed habeas petition, containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "[A] stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277). The Court in *Jackson* noted that the *Rhines* holding applies to stays of mixed petitions, but that *Rhines* did not comment on the validity of the withdraw and abeyance procedure approved of in *Calderon v. United States District Court (Taylor)*, 134 F.3d 981 (9th Cir. 1998) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims. *Jackson*, 425 F.3d at 661.

Irrespective of whether Petitioner's motion for stay is subject to the restrictions placed on this Court's discretion to issue a stay as set forth in *Rhines*, or is subject to the Ninth Circuit's withdraw and abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay. Petitioner must demonstrate the unexhausted claims are not "plainly meritless" and that he is diligently pursuing his

state court remedies with respect to these claims. *Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *Taylor*, 134 F.3d at 987; *see also Kelly*, 315 F.3d at 1070. In addition, Petitioner should set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies with respect to his unexhausted claims.

Baumer has failed to demonstrate good cause for the delay in bringing his claims earlier. Petitioner argues that when he filed his Petition, he did not have the evidence necessary to support the unexhausted claims. (Petr.'s Motion for Stay and Abeyance, ¶ 7). Baumer was aware of the AEDPA one-year statute of limitations, and did not want his other claims to become time-barred. *Id*. At the time, he did not know about the availability of a stay and abeyance procedure. *Id*.

Baumer does not explain, however, what evidence he needed but did not have to assert the claims; or what efforts he made to obtain this evidence. As Respondent points out, Petitioner has had ample opportunity to collect this evidence. The convictions Petitioner's counsel allegedly should have challenged occurred in 1995 and 1998. Baumer previously filed a civil suit against the California Department of Corrections in federal court. He also represented himself during a portion of the underlying criminal trial. Petitioner seems to have had adequate access to the information regarding his convictions, or at least adequate opportunity to obtain this access. Accordingly, his bare assertion of not having the evidence to file the ineffective assistance of counsel claims are insufficient to show good cause for a stay.

In addition, Baumer's new claims appear meritless. As discussed above, the claims for ineffective assistance of counsel are procedurally barred. Because no good cause for stay or merits of the claims have been shown, a stay and abeyance procedure is not appropriate in this case.

### IV. CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that:

1.   Petitioner's Motion to Amend be **DENIED.**

2.   Petitioner's Motion for Stay and Abeyance be found moot or be **DENIED.**

3.   Petitioner be ordered to file his Traverse within **30 days** of the final ruling on the motions to amend and for stay and abeyance.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **August 27, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED.**

**DATED:  August 1, 2007**

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**