# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM J. BAUMER, | CASE NO. 06 CV 1361 JM (CAB) |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT & RECOMMENDATION AS MODIFIED HEREIN** |
| vs. | |
| JAMES TILTON, Warden, | **(Docket Nos. 6 and 18)** |
| Defendant. | |

Petitioner, proceeding pro se, filed a § 2254 habeas petition on July 3, 2006. He challenges his conviction for possession and manufacture of a deadly weapon by a state inmate and battery upon a state correctional officer. Petitioner now moves (1) to stay and abey the petition so he can exhaust two additional claims, and (2) to amend the petition by adding one of these claims and making other changes to a preexisting claim. Respondent opposes the motion for stay and abeyance but filed no opposition to the motion to amend.

On August 1, 2007, Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") recommending that the court deny the motion to amend as futile and find the motion to stay and abey moot or, in the alternative, deny the motion to stay and abey.[1] Petitioner

---

[1] Petitioner has filed numerous documents relating to his motion for stay and abeyance and his request to amend his petition. This order addresses the following two Docket entries:
    1.    Docket. no. 6: Petitioner's motion for stay and abeyance, filed on September 29, 2006.
    2.    Docket no. 18: Petitioner's second motion for leave to amend, filed *nunc pro tunc* on January 25, 2007 ("Second Motion to Amend"). This motion

filed timely objections to which Respondent did not reply. For the reasons set forth below, the court hereby adopts in part the conclusions of the R&R and (1) denies Petitioner's motion to amend to add his claim for ineffective assistance of counsel; (2) grants Petitioner's motion to amend insofar as the motion seeks changes related to his preexisting claim of denial of the right to self-representation; and (3) denies Petitioner's motion for stay and abeyance.

**BACKGROUND**[2]

Petitioner moves to stay and abey his petition to exhaust two additional claims. Each of the new claims relates to his allegation that his prior criminal convictions were unconstitutional. Specifically, he alleges that his sentence violated his Fourteenth Amendment due process rights because the sentence was enhanced by his prior convictions. He also alleges that he received ineffective assistance of trial counsel, in violation of the Sixth and Fourteenth Amendments, because his attorney failed to challenge the constitutionality of these convictions and, as a result, they were impermissibly used to enhance his sentence and to impeach his testimony.

Petitioner exhausted these claims in state court. He now seeks to add only the ineffective-assistance-of-counsel claim to his petition.[3] He also seeks to make several other changes to his preexisting self-representation claim. In this regard, he wishes first to modify his explanation of why his requests to represent himself were timely. (Second Mtn. to Amend at 4-5 (seeking to change ¶¶ 171, 186, and 244 of original petition).) He believes that his original explanation reflected an incorrect understanding of the law, and he seeks to change his explanation accordingly. Second, he

---

superseded Petitioner's initial motion to amend (Docket no. 9), filed *nunc pro tunc* on October 17, 2006 and terminated on April 26, 2007.
The R&R addresses Docket nos. 6, 9, and 18. Because the January 25, 2007 motion to amend superseded the initial motion to amend, this order addresses Docket nos. 6 and 18.

Docket no. 21 contains Petitioner's proposed first amended petition, incorporating changes requested in Petitioner's second motion for leave to amend. This proposed first amended petition was included in Petitioner's second status report regarding his motion for stay and abeyance, filed *nunc pro tunc* on January 25, 2007. To the extent that Docket no. 21 was characterized as a motion, that characterization was inaccurate.

[2]The court hereby incorporates by reference the R&R's Background section.

[3]As a result of this procedural background, Petitioner's motion to stay and abey involves two claims, whereas his motion to amend – in its final form – involves only the claim for ineffective assistance of counsel. Any difference between the R&R's references to ineffective assistance "claims" and this order's references to a single ineffective assistance "claim" is only linguistic. Both refer to the same proposed amendment.

seeks to correct an inaccuracy regarding the date for which the trial court set his case for trial. (Second Mtn. to Amend at 5 (seeking to change ¶ 64 of original petition).)  Finally, he wishes to add the allegation that the California Court of Appeals "made an unreasonable determination of the facts by failing to considering the trial court's denial of [Petitioner's] August 23, 2000 request to represent [himself] separately from the court's earlier denials of [Petitioner's] August 21 & 22, 2000, motions to proceed pro se."  (Second Mtn. to Amend at 5.)

**DISCUSSION**

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rules of Civil Procedure ("FRCP") Rule 72(b) and 28 U.S.C. § 636.  The court "shall make a de novo determination of those portions of the report . . . to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

Petitioner objects to the R&R on a number of grounds.  Regarding the motion to amend, he disputes the finding that he must receive leave to amend, arguing that he properly exercised his FRCP Rule 15(a) right to amend as a matter of course.  He also disputes the conclusion that the statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, expired before he sought to amend his petition.  Furthermore, he claims that the R&R incorrectly determined that California Penal Code § 1004 acts as an "adequate and independent" state-law basis for denying relief, such that amendment would be futile.  Finally, Petitioner argues that the R&R should have addressed his request to amend his preexisting self-representation claim.

Regarding the motion for stay and abeyance, he claims that the R&R erred in two ways.  He disputes its conclusion that he did not show good cause for failing to exhaust his proposed ineffective-assistance-of-counsel claim earlier.[4]  He also claims that the R&R erroneously stated that he did not show this claim has merit.

**A.    Motion to Amend Denied in Part and Granted in Part**

The court agrees with the R&R's recommendation to deny Petitioner's motion for leave to amend to add the ineffective-assistance-of-counsel claim.  However, the court finds leave to amend

---

[4]Petitioner does not address the related due process claim, which he no longer seeks to add to his petition.

appropriate in regard to the proposed changes to Petitioner's preexisting self-representation claim. The R&R did not address the latter changes.

### 1. Petitioner Cannot Amend without Leave from the Court

Petitioner argues that he did not need leave to amend because he officially moved to amend in his September 21, 2006 motion to stay and abey. He states that the timing of this motion, which he filed one day before Respondent's answer, entitles him to amendment as a matter of course under FRCP Rule 15(a). This argument is incorrect.

A § 2254 petitioner may amend his petition as provided in the FRCP. 28 U.S.C. § 2242. The FRCP allow amendment of a pleading once as a matter of right "at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." FRCP R. 15(a). Where a party unnecessarily moves for leave to amend despite being able to amend as a matter of course, the court should not deny the motion. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Nolen v. Fitzharris, 450 F.2d 958, 959 (9th Cir. 1971). Furthermore, "Rule 15(a) applies where plaintiffs 'expressly requested' to amend even though their request 'was not contained in a properly captioned motion paper." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir. 1988) (quoting Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 n.8 (9th Cir. 1975); see also Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1446 n.2 (9th Cir. 1990) (court should have granted leave to amend where plaintiff did not bring formal motion but requested amendment in opposition to summary judgment motion). The court likewise may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion . . . within a different legal category." Castro v. United States, 540 U.S. 375, 381 (recharacterization appropriate to "avoid inappropriately stringent application of formal labeling requirements . . . or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis" (citation omitted)).

In this case, however, even if the court liberally construed Petitioner's original motion to stay and abey as a motion for leave to amend, Petitioner's request to amend was not ripe on September 21, 2006. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Tex. v. United States, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted). Here, Petitioner sought to "amend said claims into

his stayed federal petition *after* they have been exhausted in California courts." (Petitioner's Mot. for Stay and Abeyance at 1 (emphasis added).) Amendment thus depended on whether a California court granted relief. On September 21, 2006, Petitioner was still in the process of exhausting his new claims in California state courts.[5]

Petitioner's motion became fit for adjudication only on December 20, 2006, when the California Supreme Court denied his petition. The prospective, conditional nature of Petitioner's request thus prevented this court from properly considering the motion to amend before the exhaustion process concluded. Accordingly, Petitioner did not exercise his right to amend as a matter of course before Respondent served the answer. He can only amend with leave from the court.

**2.   Regardless of the AEDPA's Statute of Limitations, Petitioner's Motion to Amend Is Timely Because It Relates Back to His Original Petition**

Petitioner disputes the R&R's conclusion that the AEDPA's statute of limitations expired before his request to amend. He argues that the R&R incorrectly calculated the statutory tolling period. (See Obj. at 3 (citing 28 U.S.C. § 2244(d); Artuz v. Bennett, 531 U.S. 4, 11 (2000); Carey v. Saffold, 536 U.S. 214, 217 (2000); Gatson v. Palmer, 417 F.3d 1030, 1038 (9th Cir. 2005)).) He also argues that he deserves equitable tolling beginning on the date he mailed his amended § 2254 petition and continuing through the pendency of his motions to stay and abey and to amend. (See Obj. at 4 (citing Calderon v. United States Dist. Ct., 128 F.3d 1283, 1288-89 (9th Cir. 1997)).)

The court need not reach these objections because the court finds that the amendments relate back to the original petition. Based on the relation-back doctrine, the R&R ultimately deemed the amendment adding a new claim timely. Petitioner ignored this issue in his objections.[6]

FRCP 15(c) governs the relation back of amendments to a pleading. Under this rule, in pertinent part, an amendment relates back to the original pleading's date when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." In habeas cases, a new claim cannot relate

---

[5]The California Court of Appeals ultimately denied his petition for a writ of habeas corpus on November 6, 2006, and Petitioner then sought relief in the California Supreme Court. The California Supreme Court denied his petition on December 20, 2006.

[6]Neither the R&R nor Petitioner's objections addressed the timeliness of the proposed amendments to Petitioner's preexisting claims.

- 5 -                                              06cv1361

1  back unless it is supported by facts similar "in both time and type" to facts in the original petition.
2  Mayle v. Felix, 545 U.S. 644, 650 (2005).

3  The court agrees with and wholly adopts the R&R's analysis and conclusion that the ineffective-assistance-of-counsel claim relates back to Petitioner's original habeas petition. Furthermore, the court finds that the requested changes to Petitioner's preexisting self-representation claim also relate back to the original petition. These amendments propose no new claims. They inherently arise out of the conduct, transactions, or occurrences alleged in Petitioner's first petition. Because each of Petitioner's proposed amendments relates back to the original petition date, the motion to amend is timely.

**3.      Amendment Adding the Ineffective-Assistance-of-Counsel Claim Would Be Futile**

Petitioner further argues that the R&R erred in finding that the proposed ineffective-assistance-of-counsel amendment is futile. He asserts that California Penal Code § 1004 does not procedurally bar his new claim. His objections argue that California Penal Code § 1004 is not an "independent and adequate" state law ground preventing a federal court from reviewing his habeas claim; that California law allows a criminal defendant to challenge his prior convictions; and that a motion to strike – rather than a § 1004 demurrer – is the proper way to attack the criminal information.

In general, leave to amend "shall be freely given when justice so requires." FRCP R. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). FRCP Rule 15(a) consequently permits denial of leave to amend only in limited circumstances. The court may deny leave where at least one of four factors exists: "bad faith, undue delay, prejudice to the opposing party, and/or futility." Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

Leave to add a proposed habeas claim would be futile if the federal court ultimately cannot review the claim. Where an adequate and independent state ground supports a state court judgment also deciding a federal legal issue, federal review of the judgment is prohibited. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). This doctrine rests on principles of comity and applies equally in § 2254 habeas cases. Id. at 730-32; see also id. at 735 n.* (doctrine applies during exhaustion process where state court finds claim procedurally barred (citing Harris v. Reed, 489 U.S. 255, 269-70 (1989) (O'Connor, J., concurring))). As the R&R also explained, a state rule is

1  "adequate" if it is a "firmly established and regularly followed state practice" and "further[s] a
2  legitimate state interest." Smith v. Texas, 127 S.Ct. 1686, 1704 (2007) (citation and internal quotation
3  marks omitted).

4      The court agrees with and adopts the R&R's conclusion that California Penal Code § 1004
5  provides an adequate and independent state ground preventing federal review of the state courts'
6  denial of Petitioner's proposed new claim. Petitioner objects that § 1004 is not "adequate" because
7  California does not consistently and regularly apply the § 1004 procedural bar in similar cases. (Obj.
8  at 6.)[7] In support of this argument, however, he cites only one case. (See id. (citing In re Bartlett, 15
9  Cal. App. 3d 176, 180-81 (1971)).) The cited case addresses neither § 1004 nor the procedure for
10 demurring to a criminal complaint. It thus provides no indication of the frequency with which
11 California courts have applied the statute. Because Petitioner fails to furnish any convincing support,
12 the court rejects his objection.[8]

13     The court also finds that leave to add the ineffective-assistance-of-counsel claim would be
14 futile because the claim lacks merit. To prevail on his ineffective-assistance-of-counsel claim,
15 Petitioner must show that (1) trial counsel's representation fell below an objective standard of
16 reasonableness and (2) "there is a reasonable probability that, but for counsel's unprofessional errors,
17 the result of the proceedings would have been different. A reasonable probability is a probability
18 sufficient to undermine confidence in the outcome of the trial." Strickland v. Washington, 477 U.S.
19 668, 685-86 (1994). Failure to make the showing required under either prong of the two-part
20 Strickland test defeats the claim of ineffective assistance. United States v. Allen, 157 F.3d 661, 665-
21 66 (9th Cir. 1998) (citing Strickland, 466 U.S. at 700). In evaluating counsel's performance, "there

---

[7] No federal court in the Ninth Circuit has yet addressed whether § 1004 is adequate for the purposes of the adequate-and-independent analysis.

[8] The court notes that Petitioner does not allege that this adequate and independent state ground implicates an identifiable federal constitutional right. He did not challenge the constitutionality of § 1004 in this case. Nor did he assert that the prior convictions were not his own. Instead, he relies largely on California law to argue that he had a right to attack the validity of his prior convictions. (See Obj. at 14 (citing People v. Coffey, 67 Cal. 3d 204 (1967), People v. Sumstine, 36 Cal. 3d 909 (1984), People v. Allen, 21 Cal. 4th 424 (1999)).) While he also asserts a Fourteenth Amendment "liberty interest" in the state right established by these cases, he fails to cite any authority identifying a liberty interest arising out of similar state law. This argument does not demonstrate a constitutional violation.

is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Payton v. Woodford, 258 F.3d 905, 919 (9th Cir. 2001), cert. denied, 538 U.S. 981 (2003) (citation and internal quotation marks omitted). Furthermore, "the failure to take a futile action can never be deficient performance . . . ." Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996).

In this case, Petitioner does not present a claim of deficient performance rising to the level required by Strickland. His argument targets a strategic move: counsel's decision not to raise an issue. Because California Penal Code § 1004 barred counsel from demurring to the information as requested by Petitioner, the failure to attack the prior convictions was a "failure to take a futile action." See Rupe, 93 F.3d at 1445. Counsel had no duty to prevent the use of Petitioner's own convictions. This conduct fell "within the wide range of reasonable professional assistance" See Payton, 258 F.3d at 919. Counsel's performance was not deficient.

Based on the futility of amendment, the court hereby denies leave to add the ineffective-assistance-of-counsel claim.

**4.      Leave to Amend the Preexisting Claim Regarding Denial of the Right to Self-Representation Is Appropriate**

As Petitioner notes, the R&R failed to address Petitioner's request to amend his preexisting self-representation claim. The nature of the proposed amendments to Petitioner's preexisting claims warrants leave to amend. No signs exist that Petitioner seeks the amendments in bad faith. See Griggs, 170 F.3d at 880. Furthermore, the requested changes do not alter the nature of the underlying claim. As such, they cause no undue delay or prejudice to Respondent. See id. Respondent's lack of opposition to the motion to amend bolsters the conclusion that these amendments will cause Respondent no undue harm.

The court finds these circumstances appropriate for application of the policy favoring leave to amend. The court therefore grants Petitioner's motion to amend his petition to make only the proposed changes to his preexisting claims discussed in ¶¶ 8-18 of his second motion for leave to amend.

**B.      Motion for Stay and Abeyance**

The court agrees with the R&R's conclusion that Petitioner's motion to stay and abey is moot, in light of both the order denying leave to add the ineffective-assistance-of-counsel claim and the fact

that Petitioner no longer seeks to add a due process claim. The court further adopts the R&R's analysis and conclusion that, even if leave to add the new claims had been appropriate when Petitioner first requested it,[9] the court should reject the motion to stay and abey on the merits.

A district court has discretion to stay and abey a mixed federal habeas petition – one containing both exhausted and unexhausted claims – if the petitioner had good cause for failing to exhaust the unexhausted claims earlier. Rhines v. Weber, 544 U.S. 269 (2005). The Supreme Court noted that the stay-and-abeyance procedure "should be available only in limited circumstances" and is appropriate only upon a finding of good cause for failure to exhaust. Id. at 1535; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005). The district court must make this determination consistent with AEDPA's twin purposes of (1) "'reduc[ing] delays in the execution of state and federal criminal sentences,'" and (2) requiring prisoners to seek state relief first, thereby "streamlining federal habeas proceedings." Rhines, 544 U.S. at 276-77 (citation omitted). The Supreme Court concluded that frequent use of the stay-and-abeyance procedure would undermine these purposes. The procedure therefore should only be available where: (1) the district court finds good cause for failure to exhaust earlier; (2) the unexhausted claims are not meritless; and (3) the petitioner acts with reasonable diligence to exhaust the unexhausted claims. Id. at 277-78. Petitioner challenges the first and second requirements of this analysis.

**1.     Petitioner Lacked Good Cause for Failing to Exhaust His New Claims Earlier**

Petitioner argues that the R&R erred in determining that he lacked good cause for failure to exhaust his new claims earlier. The heart of his argument is a reassertion of an argument raised in his motion to stay and abey: Petitioner claims that he lacked the evidence necessary to support his new claims before he filed his original § 2254 petition. (See Mtn. for Stay and Abeyance at 4; Obj. at 11.) He further argues that Magistrate Judge Bencivengo "inferred" in a previous ruling that Petitioner had already demonstrated good cause. (Obj. at 12.)

In regard to Petitioner's reasserted argument, the R&R thoughtfully and correctly explains why Petitioner failed to demonstrate good cause. (See R&R at 7.) The court therefore adopts the R&R's analysis and rejects the objections related to a lack of evidence to support Petitioner's claim.

---

[9]The court has established the Petitioner first mentioned leave to amend on September 20, 2006, in his motion to stay and abey.

Furthermore, the court does not agree with the assertion that the magistrate's earlier order suggested that Petitioner had demonstrated good cause. The earlier order explained that "Petitioner should set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies with respect to his unexhausted claims." (Oct. 23, 2006 Order Re: Petitioner's Mtn. for Stay and Abeyance (Docket no. 7) at 2.) The order then stated that "Petitioner has already *addressed* the good cause requirement in his [motion for stay and abeyance]," and gave Petitioner the option to file an amended motion "if he wishes, upon reading this Order." (Id. (emphasis added).) Contrary to Petitioner's argument, addressing a legal requirement and demonstrating proof sufficient to satisfy the requirement are two different concepts. Petitioner did address the good cause issue in his initial motion to stay and abey, but the magistrate's order unequivocally indicated that his treatment of the issue may not have made the necessary showing. The court thus rejects Petitioner's objections related to good cause.

### 2. **Petitioner's Potential New Claims Lack Merit**

In challenging the conclusion that the ineffective-assistance-of-counsel claim lacks merit, Petitioner merely cites his argument against the futility of amendment. (Obj. at 12.) He raises no new arguments. As discussed above, the court agrees with the R&R that Petitioner's claim is procedurally barred and also finds the claim unmeritorious. The related due process claim, which Petitioner initially sought to add to his petition and does not discuss in his objections, fails for the same reasons. Accordingly, the court rejects the objection related to the merit of the ineffective-assistance-of-counsel claim.

### **CONCLUSION**

Based on the foregoing, the court hereby adopts in part the conclusions of the R&R and orders:

1. Petitioner's motion to amend the 28 U.S.C. § 2254 petition to add the now-exhausted ineffective-assistance-of-counsel claim is **DENIED**.

2. Petitioner's motion to amend the 28 U.S.C. § 2254 petition to make the proposed changes to his preexisting claims, discussed in ¶¶ 8-18 of his second motion for leave to amend, filed *nunc pro tunc* on January 19, 2007, is **GRANTED**. Petitioner must file

///

///

1  ///

2     no later than 30 days from the date of this order an amended petition containing only

3     the amendments allowed herein.

4     3. Petitioner's motion for stay and abeyance is **DENIED**.

5  **IT IS SO ORDERED.**

7  DATED: September 28, 2007

8  _____
   Hon. Jeffrey T. Miller
9  United States District Judge

10 CC: All parties

- 11 -                                                                                    06cv1361