UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BAUMER,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>JAMES TILTON, Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 06 CV 1361 JM (CAB)<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION, DENYING MOTION FOR RECONSIDERATION**<br><br>**(Doc. Nos. 37, 41)** |

Petitioner, proceeding pro se, filed a first amended § 2254 habeas petition on November 8, 2007. He challenges his conviction for possession and manufacture of a deadly weapon by a prisoner and for two counts of battery upon a state correctional officer. Petitioner claims (1) the state trial court violated his Fifth and Fourteenth Amendment due process rights when it ordered him to wear restraints during trial; and (2) the state trial court violated his Sixth and Fourteenth Amendment rights when it denied his request to represent himself at trial under Faretta v. California, 422 U.S. 806 (1975). Petitioner also requests the court to hold an evidentiary hearing on his Faretta claim.

Pending before the court is Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation ("R&R") recommending that the court deny both the petition and request for an evidentiary hearing. Petitioner filed objections to which Respondent filed no reply. Also pending is Petitioner's motion to reconsider the court's September 28, 2007 Order denying Petitioner leave to amend his § 2254 petition and add his proposed ineffective-assistance-of-counsel claim. For the reasons set forth below, the court hereby **ADOPTS** the R&R in its entirety and **DENIES** both the §

2254 petition and the request for an evidentiary hearing. The court also **DENIES** the motion for reconsideration.

## I. BACKGROUND

The court hereby incorporates by reference the R&R's Factual and Procedural Background section.

## II. DISCUSSION

### A. Report and Recommendation

The district court reviews a magistrate judge's R&R according to Federal Rule of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673–74 (1980). Petitioner raises no new objections. Having carefully considered the thorough and thoughtful R&R, the record before the court, Petitioner's objections to the R&R, and the applicable authorities, the court hereby **ADOPTS** the R&R in its entirety. Accordingly, the court **DENIES** the § 2254 petition and the request for an evidentiary hearing.

### B. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) states that a prejudgment order that adjudicates fewer than all the parties' claims is "subject to revision at any time before the entry of [final] judgment." See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 465 (9th Cir. 1989). Absent highly unusual circumstances, however, a motion for reconsideration should not be granted unless (1) there is newly discovered evidence; (2) the district court committed clear error; or (3) there is an intervening change in the controlling law. Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

Petitioner claims that the court erred in determining that his ineffective-assistance-of-counsel claim lacked merit. Petitioner continues to argue that trial counsel should have brought a motion to strike his prior convictions and that counsel's failure to do so constitutes ineffective assistance. (Mem. of P. & A. at 17.) Petitioner further argues that contrary to the court's finding, California Penal Code § 1004 does not provide an independent state ground preventing federal review of the state court's

1 denial of Petitioner's proposed new claim. (Id. at 6.) Petitioner asserts that § 1004 pertains to
2 demurrers; but that a demurrer is not filed to challenge the constitutionality of a prior conviction
3 alleged in a California criminal prosecution. Rather, he argues, the generally accepted way to
4 challenge the constitutionality of a prior conviction is with a motion to strike. (Id. at 7–8 (citing
5 People v. Coffey, 430 P.2d 15 (Cal. 1967); (People v. Sumstine, 687 P.2d 904 (Cal. 1984)).)

6       Having reviewed Petitioner's arguments, the court finds that Petitioner has not demonstrated
7 that relief is warranted. Petitioner continues to make the same argument he made in his objections to
8 the earlier R&R; the court, however, rejected his objections. (See Obj. at 7–8.) Furthermore,
9 Petitioner offers no new evidence of counsel's alleged ineffective assistance. As the court noted in
10 its previous order, Petitioner failed to present a claim of deficient performance rising to the level
11 required by Strickland. See Strickland v. Washington, 477 U.S. 668, 685–86 (1994). Petitioner's
12 argument targets a strategic move: counsel's decision not to raise an issue. Counsel's conduct,
13 however, fell "within the wide range of reasonable professional assistance" and, therefore, was not
14 deficient. See Payton v. Woodford, 258 F.3d 905, 919 (9th Cir. 2001), cert. denied, 538 U.S. 981
15 (2003). In sum, Petitioner offers no newly discovered evidence, and fails to demonstrate that the court
16 committed clear error or that there is an intervening change in the controlling law. Kona Enterprises,
17 Inc., 229 F.3d at 890. The court, therefore, **DENIES** Petitioner's motion for reconsideration of the
18 September 28, 2007 Order.

19 **III. CONCLUSION**

20       Based on the foregoing, the court hereby **ADOPTS** the R&R in its entirety, **DENIES** the §
21 2254 petition, **DENIES** the request for an evidentiary hearing, and **DENIES** the motion for
22 reconsideration.

23       **IT IS SO ORDERED.**

24 **DATED: July 7, 2008**

25
26                                         **Hon. Jeffrey T. Miller**
                                        **United States District Judge**
   cc:         All parties
27
28